IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LARRY CULPEPPER, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.1:07-CV-57 (WLS) |
| ELANE HUTTO; CHARLENE FREDERICK, | : | |
| Defendants. | : | **ORDER TO SHOW CAUSE** |

Plaintiff **LARRY CULPEPPER**, an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). It appears that plaintiff is unable to pay the cost of commencing this action and, therefore, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Upon initial review of plaintiff's complaint, it appears that he has failed to exhaust the administrative remedies for his claims before submitting his lawsuit for filing in this Court as he is required to do under 42 U.S.C. § 1997e(a). 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.§ 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998)(holding that exhaustion required even if prisoner seeks only monetary damages).

Based on a review of plaintiff's complaint, it does not appear he has even filed a grievance; much less received a ruling on such grievance. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding that it is not enough that a plaintiff merely filed a grievance before or during the pendency of his 42 U.S.C. § 1983 action; he, before filing a 42 U.S.C. § 1983 complaint in court, must have filed an administrative grievance and received a ruling on the grievance). Plaintiff complains that he was denied his prescribed seizure medication on March 23, 2007 and he, consequently, suffered a seizure. Plaintiff states that he spoke with Nurse Frederick and his counselor regarding the denial of medication. However, it does not appear that plaintiff actually had time to file a grievance and receive a response to said grievance before he filed his 42 U.S.C. § 1983 form; which is dated March 25, 2007 (just two days after the alleged March 23, 2007 denial of medication).

Accordingly, plaintiff has until **April 24, 2007** to **SHOW CAUSE** to the Court, if any he has, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. Plaintiff should attach a copy of the grievance that he filed and a copy of any response to the grievance that he has received. If he fails to respond, his lawsuit will be subject to immediate dismissal.

In the meantime, there shall be **NO SERVICE** of process upon any defendant.

**SO ORDERED AND DIRECTED**, this 3rd day of APRIL, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb